IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADENE RAMSEY BEER, and KATHERINE K. BOECK, (collectively "Plaintiffs") on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>XTO ENERGY, INC. f/k/a CROSS TIMBERS OIL COMPANY, a Delaware Corporation ("XTO"),<br><br>Defendant. | Case No. CIV-07-798-L |

## **O R D E R**

On October 4, 2004, Plaintiffs Ladene Ramsey Beer and Katherine K. Boeck filed this class-action lawsuit in the District Court of Texas County, Oklahoma. Plaintiffs sought an accounting on behalf of themselves and "[a]ll non-governmental entities with the legal right to receive a royalty calculated by or on behalf of the Defendant regarding production from a well in Colorado, Kansas, New Mexico, Oklahoma or Texas." Petition at ¶ 57 (Doc. No. 1-6). The Petition was twice amended in state court, on January 27, 2006 and April 3, 2007. In the Second Amended Petition, plaintiffs again seek an accounting and allege defendant, XTO Energy, Inc., utilized a number of methods to underpay royalty owners. *See* Second Amended Petition at ¶¶ 7-11. They contend defendant has not properly accounted to plaintiffs for natural gas used by compressors, has engaged in intra-company

sales of natural gas and improperly used those sales as the basis for royalty payments, has failed to report deductions from intra-company sales, has sold more gas from its gathering systems than it has bought from plaintiffs, and has failed to pay royalties to plaintiffs for condensate recovered from their production. Id. The proposed class was narrowed in the Second Amended Petition to "[a]ll non-governmental entities with the legal right to receive a royalty calculated by or on behalf of the Defendant regarding production from an Oklahoma well." Id. at ¶ 22. Defendant removed the action to this court on July 19, 2007, after it learned that plaintiffs were seeking damages of $27,124,500.22. Notice of Removal at ¶ 9 (Doc. No. 1).

This matter is before the court on Plaintiffs' Motion for Class Certification. Plaintiffs seek to certify the following class:

> Nongovernmental royalty owners who, during Relevant Times, received payments based on production from an XTO-operated well for which the production is processed in Timberland's Tyrone natural gas processing plant.
>
> a. *Kansas Subclass*. Members of the Timberland Class who receive royalties from at least one well located in Kansas.
>
> b. *Oklahoma Subclass*. Members of the Timberland Class who receive royalties from at least one well located in Oklahoma.
>
> As used in the class definitions, "Relevant Times" means the following: (1) for members of the Kansas Subclass, for a period at least as early as March 25, 1997 to present; (2) for members of the Oklahoma Subclass, (a) for a period

> from July 1, 2002 to present for those bound by the *Booth* settlement, and (b) for a period from March 25, 1997 to present for those who opted out of the *Booth* settlement.

Plaintiffs' Motion for Class Certification at 11-12 (footnotes omitted).

Whether a case should be allowed to proceed as a class action is an intensely fact-based question that is fraught with practical considerations. *See* <u>Reed v. Bowen</u>, 849 F.2d 1307, 1309 (10th Cir. 1988).

> The trial court may certify a class only if, after rigorous analysis, it determines that the proposed class satisfies the prerequisites of Federal Rule of Civil Procedure 23(a). Rule 23(a) imposes four prerequisites for class certification:
>
>> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

<u>J.B. v. Valdez</u>, 186 F.3d 1280, 1287-88 (10th Cir. 1999) (citations omitted). If the court finds plaintiffs can meet these four threshold requirements, "it must then examine whether the action falls within one of three categories of suits set forth in Rule 23(b)." <u>Adamson v. Bowen</u>, 855 F.2d 668, 676 (10th Cir. 1988). When ruling on a motion for class certification, the court accepts as true the allegations contained in the complaint. <u>Id.</u> at 1290 n.7. The court, however, "need not blindly rely on conclusory allegations which parrot Rule 23 requirements . . . ." <u>Id.</u> Rather, plaintiffs

"must demonstrate, under a strict burden of proof, that all of the requirements of 23(a) are clearly met." Rex v. Owens ex rel. State of Oklahoma, 585 F.2d 432, 435 (10th Cir. 1978). Moreover, the court does not consider the merits of plaintiffs' case when ruling on the class certification motion. Nonetheless, "while a district court may not evaluate the *strength* of a cause of action at the class certification stage, it must consider, without passing judgment on whether plaintiffs will prevail on the merits, whether remedying the harm alleged can be done on a class-wide basis in conformity with Rule 23(b)(2)." Shook v. Board of County Comm'ns of the County of El Paso, 543 F.3d 597, 612 (10th Cir. 2008) (emphasis in original).

Beginning on October 6, 2008, the court held a two-day evidentiary hearing on the class certification issue. After reviewing the evidence and the case law, the court finds plaintiffs failed to present any evidence regarding adequacy of representation. Rather than deny the motion to certify on this basis, however, the court directs plaintiffs to present what they consider to be appropriate and sufficient evidence to establish both components of the adequacy-of-representation prong. *See* Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726-27 (11th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988). In addition, to the extent plaintiffs believe the addition of a representative plaintiff from Kansas is appropriate, they are invited to move to amend their complaint to add such a party. Any motion to amend must be filed no later than **January 5, 2009**, and if plaintiffs file such a motion, they must present similar evidence regarding adequacy with respect to the proposed Kansas

representative. Plaintiffs shall submit their evidence and argument regarding adequacy of representation no later than **January 14, 2009**. Defendant shall respond to plaintiffs' submission no later than **January 30, 2009**.

    It is so ordered this 3rd day of December, 2008.

*Tim Leonard*
TIM LEONARD
United States District Judge