IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADENE RAMSEY BEER, and KATHERINE K. BOECK, (collectively "Plaintiffs") on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>XTO ENERGY, INC. f/k/a CROSS TIMBERS OIL COMPANY, a Delaware Corporation ("XTO"),<br><br>      Defendant. | Case No. CIV-07-798-L |

# **O R D E R**

Plaintiffs Ladene Ramsey Beer and Katherine K. Boeck are royalty owners in two wells operated by defendant, XTO Energy, Inc. ("XTO"). Beer, as trustee, owns a royalty interest in the Fern Parkes #1 well, located in Texas County, Oklahoma. Boeck owns a royalty interest in the Leona Woods #1-17 well, also located in Texas County, Oklahoma. Both wells produce gas from the Chase formation in the Guymon-Hugoton field. On October 4, 2004, plaintiffs filed this class-action lawsuit in the District Court of Texas County, Oklahoma, seeking an accounting on behalf of themselves and members of the class. After the Petition was twice amended in state court, defendant removed the action to this court on July 19, 2007 pursuant to the Class Action Fairness Act. On March 20, 2009, the court certified this case as a class action. Beer v. XTO Energy, Inc., Case No. CIV-07-798-L, order at 17 (W.D. Okla. Mar. 20, 2009) (Doc. No. 75).

Two months after the court issued its order certifying this matter as a class action – and while discovery was on-going – plaintiffs filed a motion for summary judgment solely on behalf of the named plaintiffs in their individual capacities and not as class representatives.  Plaintiffs' Combined Motion for Summary Judgment for Plaintiffs, Beer and Ramsey (Doc. No. 81).[1]  On February 5, 2010,[2] the court issued an order granting plaintiffs' motion with respect to the claims of Beer and Ramsey in their individual capacities.  Beer, order at 10 (W.D. Okla. Feb. 5, 2010) (Doc. No. 148).  The court specifically noted that it was expressing no opinion on the class claims as they were not before the court.  Id.

This matter is now before the court on plaintiffs' second motion for summary judgment.[3]  In this motion, plaintiffs seek summary judgment *solely* on the issue of

---

[1]In addition to the title of the motion, statements in the body of the brief reinforced that the motion was being prosecuted solely on behalf of the named plaintiffs in their individual capacities and not as representatives of the class.  *See, e.g.,* id. at 11 n.9, 19.

[2]The court delayed ruling on plaintiffs' motion in the belief that plaintiffs would supplement their motion to include class claims.  When it became obvious that plaintiffs would not do so, the court issued its ruling.

[3]LCvR 56.1(a) provides that "[a]bsent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56."  On February 8, 2010, the court reluctantly granted plaintiffs leave to file a second motion for summary judgment.  Beer, order at 2 (W.D. Okla. Feb. 8, 2010) (Doc. No. 154).  The court noted:

> The filing of more than one motion for summary judgment in this case is not an efficient use of counsels' and the court's time; one motion for summary judgment on behalf of the class would have been a more expeditious use of judicial resources.  Nonetheless, while the court does not countenance plaintiffs' litigation tactics, it finds a motion for summary judgment on behalf of the class might assist the court and the parties in narrowing the issues for trial.

Id. at 1-2.

damages for the class,[4] asserting that they "previously moved for substantive summary judgment on the issue of liability (Doc. 81 filed May 20, 2009)". Class Motion at 1. As noted by defendant, however, this assertion is – at best – disingenuous given plaintiffs' repeated representations that their first motion for summary judgment was solely on behalf of the named plaintiffs. *See supra* n.1.

Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not

---

[4]Again, the title of plaintiffs' motion is illustrative: "Plaintiffs' Motion for Summary Judgment on Damages." In addition, the first sentence of plaintiffs' motion states, "Plaintiffs hereby move the Court to grant the class summary judgment *on the amount of damages*." Plaintiffs' Motion for Summary Judgment on Damages at 1 (Doc. No. 144) (emphasis added) [hereinafter cited as "Class Motion"].

significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Based on these standards, the court denies plaintiffs' motion as premature. Plaintiffs have not sought, nor has there been, a finding of liability as to the class as whole.[5] Plaintiffs' Motion for Summary Judgment on Damages (Doc. No. 144) is therefore DENIED.

Pursuant to Rule 23, the court has an obligation "to monitor the appropriateness of class certification throughout the proceedings and to modify or

---

[5]Plaintiffs' misrepresentation of the record borders on the vexatious. For example, plaintiffs' assertion that their first summary judgment motion sought a liability determination on behalf of the class is belied by their own statements. *See supra* n.1. In addition, plaintiffs misrepresent the position taken by their attorney at the class certification hearing. *See* Plaintiffs' Reply in Support of Their Second Motion for Summary Judgment at 5, 10 [hereinafter cited as "Plaintiffs' Reply"] Citing a portion of the class certification hearing transcript out of context, plaintiffs categorically state, "XTO asserts that Plaintiffs abandoned any claim for liquids, and that is simply untrue." Id. at 5. An examination of the transcript, however, demonstrates that plaintiffs' counsel categorically disclaimed any interest in proceeds from the downstream sale of natural gas liquids ("NGLs").

> THE COURT: So, for the record, you're not asking for anything based upon the way they account – you're not asking for anything for the liquids extracted from the gas?
>
> MR. WHITE: That's correct. As a separate – once it becomes liquid, we're asking for it to be accounted for [in] the gas phase of the MMBtus.

Transcript of Hearing on Class Certification at 103-4 (Doc. No. 87). Based on counsel's representation, defendant did not delve further into the issue of NGLs. Id. at 104.

decertify a class at any time before final judgment"[6] should the circumstances warrant. The court therefore orders plaintiffs to show cause why they should not be removed as class representatives and why Martin S. High and Edward L. White should not be removed as class counsel. Plaintiffs shall make this showing at a hearing to be held on **April 2, 2010 beginning at 10:00 a.m.** in Courtroom 502 of the United States Courthouse. At the hearing, the parties should be prepared to address whether the named plaintiffs are adequate representatives of the class given: (1) their failure to appear at the class certification hearing; (2) their filing a motion for summary judgment seeking only individual relief for themselves after the court certified this matter as a class action and named them to properly represent the class; and (3) whether they maintain a sufficient interest in and nexus with the class to ensure vigorous representation given the court's ruling on the merits of their individual claims. In addition, the parties should be prepared to address whether class counsel has and will fairly and adequately represent the interests of the class given: (1) their failure to have the representative plaintiffs attend the class certification hearing and to present sufficient evidence of their experience and resources at that hearing;[7] (2) their filing a motion for summary judgment seeking

---

[6]In re Integra Realty Resources, Inc., 354 F.3d 1246, 1261 (10th Cir. 2004). *See also* Fed. R. Civ. P. 23(c)(1)(C).

[7]This initial failure of proof gave the court pause, but the court allowed plaintiffs to supplement their evidence through affidavits pursuant to which the court ultimately found both plaintiffs and their attorneys would adequately represent the class. However, subsequent actions taken by plaintiffs and class counsel have caused the court concern as to their ability and willingness to represent the best interests of the class.

individual relief for the representative plaintiffs after the court certified this matter as a class action; (3) their filing a motion for summary judgment on behalf of the class that sought damages without requesting a ruling on liability, which caused the parties and the court to expend vast resources on an issue that was not yet ripe for adjudication; (4) their neglecting the Kansas subclass in the papers that were filed;[8] (5) their misrepresenting the record and case law in briefs filed with the court;[9] and (6) their continued changing the nature of the claims asserted and the relief sought.

In light of this order, the *Daubert* hearing set for April 2, 2010 is STRICKEN, and this matter is STRICKEN from the court's April 2010 trial docket. The court STAYS all remaining deadlines in the case **except** the March 22, 2010 deadline for submission of briefs as set forth in the court's March 12, 2010 order (Doc. No. 169).

It is so ordered this 16th day of March, 2010.

*[signature: Tim Leonard]*

TIM LEONARD
United States District Judge

---

[8] Although plaintiffs discuss Kansas law in their reply brief, this discussion is replete with misrepresentations of that law. Plaintiffs consistently refer to *holdings* the Kansas Supreme Court made in Lightcap v. Mobil Oil Corp., 562 P.2d 1 (Kan.), *cert. denied*, 434 U.S. 876 (1977), that are actually statements made by the dissent in that case. Plaintiffs' Reply at 9. Plaintiffs' misrepresentation of case law is not limited to Kansas law, however. Plaintiffs argue that under Howell v. Texaco Inc., 112 P.3d 1154 (Okla. 2004), defendant has a duty to *plead* the costs associated with the work-back method. *See, e.g.*, Class Motion at 1, 2, 14, 18, 20; Plaintiffs' Reply at 3, 5. Nothing in Howell supports this assertion.

[9] *See supra* n.4 and n.7.

6