IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BILL FANKHOUSER and TIM GODDARD, )
on behalf of themselves and all others )
similarly situated, )
  )
            Plaintiffs, )
  )
vs. )    Case No. CIV-07-798-L
  )
XTO ENERGY, INC. f/k/a CROSS )
TIMBERS OIL COMPANY, a Delaware )
Corporation ("XTO"), )
  )
           Defendant. )

## MEMORANDUM OPINION

This matter is before the court on the Motion for Class Counsel's Attorney's

Fees, Expenses and For Class Representatives' Fee (Doc. No. 485) and Motion in

Support of Class Counsel's Fee Request and Request for Separate Allocation of

Fees to White and to Prior Class Representatives (Doc. No. 488).  Initially, the firm

of Helms Underwood & Cook ("Class Counsel") requested attorney's fees equal to

fifty percent of the net cash settlement value.[1]  On October 5, 2012, the firm revised

its request; it now seeks attorney's fees equal to forty percent of the total settlement

value, which it estimates to be $42,000,000.00.  Class Counsel also seeks an

incentive award of $50,000.00 each for the current class representatives, Bill

Fankhouser and Tim Goddard.  Prior class counsel, the firm of Edward L. White,

P.C. ("White"), requests that the court award an appropriate portion of the attorney's

---

[1]The gross value of the cash settlement is $37,000,000.00.

fees award to it.  In addition, White seeks an incentive award for the prior class representatives, Ladene Ramsey Beer and Katherine Sanko.[2]   No class members filed an objection to the requests for attorney's fees.  The court conducted a hearing on the matter on October 10, 2012.  In accordance with Rules 23(h) and 52(a) of the Federal Rules of Civil Procedure, the court issues this memorandum opinion as its findings of fact and conclusions of law.

In 2001, Beer and Sanko became involved in the early organization of a group called Rural Residents for Natural Gas Rights, which consisted of citizens in the Guyman and Hooker, Oklahoma area.  White was selected to represent the group's interests in protecting royalty rights and access to free domestic gas.  Beer and Sanko were chosen to represent the group's membership in a lawsuit filed in 2002 against defendant XTO Energy, Inc. ("XTO") and other oil and gas companies. Lewis v. Conoco Inc., Case No. CJ-2002-11 (Texas County filed Jan. 30, 2002). Thereafter, the decision was made to sever the *Lewis* litigation into different actions against the different companies.  As a result, Beer and Sanko filed this class action lawsuit in the District Court of Texas County, Oklahoma in 2004.  Beer v. XTO Energy, Inc., Case No. CJ-2004-59 (Texas County filed Oct. 4, 2004).   XTO removed the action to this court on July 19, 2007.

---

[2]When this action was filed, Sanko's last name was Boeck.  The court will refer to her as Sanko for consistency.

The court certified this matter as a class action on March 20, 2009 and appointed Beer and Sanko as class representatives.  Beer v. XTO Energy, Inc., Case No. CIV-07-798-L, ord. at 17 (W.D. Okla. Mar. 20, 2009) (Doc. No. 75).  On April 13, 2010, the court issued an order decertifying the class.  Id., ord. at 10-11 (W.D. Okla. Apr. 13, 2010) (Doc. No. 189).  Thereafter, the court granted leave for Fankhouser and Goddard to intervene,[3] and subsequently again certified this action as a class action.  Fankhouser and Goddard were appointed to serve as class representatives, and Class Counsel was appointed to serve as attorneys for the class.  Id. at 15 (W.D. Okla. Dec. 16, 2010) (Doc. No. 261).

After years of litigation and on the eve of trial, the parties settled this action in April 2012.  The parties memorialized the settlement in a Settlement Agreement that was executed and filed with the court on June 28, 2012 (Doc. No. 476-1).  Pursuant to the terms of the Settlement Agreement, XTO agreed to pay $37,000,000.00 in cash into a Settlement Fund.  The Settlement Fund was not only to be distributed to members of the class for their damages, but also to provide funds for the payment of attorney's fees, litigation costs, and incentive awards to the class representatives.  At the fairness hearing held on October 10, 2012, plaintiffs' damages expert, Barbara Ley, testified that in addition to the cash settlement, there are additional anticipated benefits to the class members.  The court finds that these benefits,

---

[3]Id., ord. at 16 (W.D. Okla. July 13, 2010) (Doc. No. 225).

however, cannot be calculated with reasonable certainty at this time and should not be used to determine the amount of fees and expenses to award.

The court finds Class Counsel litigated this case effectively and efficiently and that the settlement result obtained is excellent.  The court also finds that Class Counsel relied on the massive discovery performed by White prior to his removal as counsel for the class; indeed, much of that discovery was used by Class Counsel in presenting plaintiffs' motion for summary judgment and in responding to XTO's motion for summary judgment.  The court finds that White's work formed the foundation on which this case was built.  Class Counsel expended approximately 5,100 hours on this case, while White and his associate, Martin High, expended more than 3,000 hours.  No one objected to the Settlement Agreement, and the only objection to the fee requests was withdrawn at the hearing.[4]

"The settlement in this case created a 'common fund' from which the plaintiff class obtained a benefit.  Attorneys' fees are appropriately awarded from that fund, on the theory 'that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense.'" Gottlieb v. Barry, 43 F.3d 474, 482 (10th Cir. 1994) (quoting Boeing Co. v. Van Gemert, 444

---

[4]Class Counsel originally objected to awarding any sums to Beer and Sanko, but did not object to White's request for fees and expenses. See Response to Request for Separate Attorney and Representative Fee Award by White, Beer and Boeck (Doc. No. 490).  As noted, at the hearing Class Counsel withdrew any objection to Beer and Sanko receiving an incentive award.

U.S. 472, 478 (1980)).  The court has a fiduciary duty to the class to ensure that attorney's fees and costs are reasonable.

The Court of Appeals for the Tenth Circuit has expressed "a preference for the percentage of the fund method" in common fund cases to determine attorney's fees. Gottlieb, 43 F.3d at 483.  Regardless of whether the court applies the lodestar method or the percentage of fund method, the court must consider the twelve factors enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  *See* Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995).

> The 12 *Johnson* factors are:  the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the 'undesirability' of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

Gottlieb, 43 F.3d at 482 n.4 (*citing* Johnson, 488 F.2d at 717-19).  Although the court must address these factors, not every factor will apply in the circumstances of a particular case.  *See* Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir. 1993).

Counsel's affidavits establish they expended thousands of hours on this case, including  successful  pursuit  of  class  certification,  summary  judgment,  and negotiation of an extremely favorable settlement.  The issues presented by this case

were difficult issues of Oklahoma and Kansas law that are currently being litigated in numerous forums. Indeed, some of the issues presented were matters of first impression. Counsel were qualified to handle these issues and did a thorough job of briefing them and preparing for trial. The fee agreements between the individual plaintiffs and their attorneys were contingent, meaning that counsel would recover fees only in the event that the class was successful. Due to the amount of hours expended, counsel were precluded from taking other matters that might have been billed on an hourly basis. As noted, the results obtained in this case were highly favorable as the settlement fund is sufficient to make the class members whole while still providing for a substantial attorney's fee.

The court finds that an award of 40 percent of the alleged total value of the settlement is unreasonable. Likewise, an award of 40 percent of the cash value of the settlement is unreasonable as it would be at the expense of the class members. The court finds that a total award of $13,146,940.00 as attorney's fees, plus any interest accrued on the Settlement Fund, reasonably compensates counsel and is in accord with the relevant *Johnson* factors. This amount represents nearly 36 percent of the Settlement Fund minus litigation expenses and fees to the class representatives.[5] The court finds that an equitable distribution of this award results in 77 percent of the total fee award and accrued interest going to Class Counsel,

---

[5]The court's award of fees and litigation expenses represents counsel's full and complete recovery of fees and costs. Counsel shall not be entitled to any additional fees or costs from the class members regardless of any fee contract between counsel and any member of the class.

6

with the remaining 23 percent of the total fee award and accrued interest going to White.[6]  This distribution is based on the court's extensive knowledge of this case and of the value of each firm's endeavors.

Counsel also seek incentive awards for the named class representatives.  The total amount requested is $100,000.00.  Such awards "are justified when necessary to induce individuals to become named representatives," but there is no need for such an award "if at least one [class member] would have stepped forward without the lure of an 'incentive award.'"  In re Synthroid Mktg. Litig., 264 F.3d 712, 722–23 (7th Cir. 2001).  The court finds all four of the named plaintiffs are entitled to incentive awards.  This action – and the benefit to the class – would not have been possible without the willingness of Beer and Sanko to step forward and initiate this lawsuit. Likewise, the settlement would not have occurred but for the intervention of Fankhouser and Goddard.  The court finds the total award of $100,000.00 is reasonable and a fair distribution results in Fankhouser and Goddard receiving $40,000.00 each and Beer and Sanko receiving $10,000.00 each.

Finally, the court concludes that an award of $300,000.00 for litigations costs is reasonable.  The court awards Class Counsel $201,130.00 in litigation costs and expenses.  White is awarded $97,000.00 in costs and expenses, and High is awarded $1,870.00 in expenses.

---

[6]Not counting the accrued interest, this amounts to an award of $10,123,144.00 to Class Counsel and $3,023,796.00 to White.

In sum, Motion for Class Counsel's Attorney's Fees, Expenses and For Class Representatives' Fee (Doc. No. 485) and Motion in Support of Class Counsel's Fee Request and Request for Separate Allocation of Fees to White and to Prior Class Representatives (Doc. No. 488) are GRANTED to the extent noted above.

It is so ordered this 12th day of October, 2012.

_Tim Leonard_
TIM LEONARD
United States District Judge