IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BILL FANKHOUSER and TIM GODDARD,  )
on behalf of themselves and all others )
similarly situated, )
)
                Plaintiffs, )
)
vs. )   Case No. CIV-07-798-L
)
XTO ENERGY, INC. f/k/a CROSS )
TIMBERS OIL COMPANY, a Delaware )
Corporation ("XTO"), )
)
                Defendant. )

## PLAN OF ALLOCATION AND DISTRIBUTION ORDER

This Plan of Allocation and Distribution ("Plan") sets forth the manner in which the Settlement Fund will be administered and distributed to Class Members and to the Class Counsel. Unless otherwise defined in this Plan, the capitalized terms in this Plan shall have the same meanings as are given such terms in that certain Settlement Agreement dated as of June 28, 2012, joined in by XTO Energy Inc., f/k/a Cross Timbers Oil Company ("XTO"), the Class Representative and Class Counsel (the "Settlement Agreement"). The Net Remaining Settlement Amount will be allocated to each Class Member entitled to receive a share of the Net Remaining Settlement Amount pursuant to this Plan.

## Definitions

The following terms comprise some of the terms used in this Plan. Those terms not defined in the Settlement Agreement shall have the meaning given below.

In addition, certain of the terms defined in the Settlement Agreement are repeated herein for convenience of reference. Capitalized terms used herein that are defined in the Settlement Agreement shall have the meaning given in the Settlement Agreement. In the event of a conflict between the definitions below and the definitions in the Settlement Agreement, the definitions in the Settlement Agreement shall control:

    1.    **"Net Remaining Settlement Amount"** means the Settlement Fund of $37,000,000.00, less (a) any interest paid by the bank or other institution in which the Settlement Funds are held, (b) all approved litigation expenses and expert fees, all allowed attorney's fees, fees to the Class Representatives for class representation, and (c) any other fees, costs or expenses made deductible from the Settlement Fund in this Plan or in the Settlement Agreement. It does not include a deduction for the Settlement Administrator's Fee and Expenses and other costs and expenses which are to be paid by XTO under the Settlement Agreement.

    2.    **"Settlement Administrator's Fee and Expenses"** means the court approved fee and costs and expenses of the Settlement Administrator identified in paragraph 14(a) of the Settlement Agreement.

    3.    **"Final Distribution Schedule"** means the schedule listing the name, address and final amount to be distributed to each Class Member entitled to receive a distribution from the Net Remaining Settlement Amount under the terms of this Plan.

4.     **"Final Determination Date"** means the date of filing the Motion to Approve the Final Distribution Schedule.

5.     **"Final Distribution Report"** means the report prepared by the Settlement Administrator, tendered to Class Counsel and counsel for XTO and filed with the Court at the time all distributions have been made and as more particularly provided in paragraph 22 of the Settlement Agreement.

### Distribution Of Net Remaining Settlement Amount To Class Members

6.     Plaintiffs' damage expert, Barbara Ley, has calculated the amount of damages (with such amount being disputed by XTO) for the Plaintiffs' various claims associated with the gas, natural gas liquids and associated hydrocarbons (excepting crude oil) produced and sold from, or attributable to, the Class Wells during the Released Period.  The amount calculated by Plaintiffs' damage expert as contract damages (principal and interest) in her final report of June 15, 2012 ("Final Expert Contract Damages"), allocated to each Class Well shall serve as the basis on which the Net Remaining Settlement Amount will be allocated among the Class Members. The use of these calculations for various claims and interest is considered a reasonable method to facilitate distribution and not as an indication that the amount paid is additional royalty on past production or interest.  Rather, all amounts paid represent a compromise of multiple disputed claims sounding in both tort and contract as indicated in the release provisions of the Settlement Agreement.

7. The Net Remaining Settlement Amount shall be allocated among those Class Wells and the Class Members therein as follows:

(a) The Net Remaining Settlement Amount shall first be allocated to each of the Class Wells based on the Final Expert Contract Damages as provided in Section 6 above. The percentage of proceeds (i.e., the decimal interest) to be allocated to each Class Well will be provided by Class Counsel to the Settlement Administrator in order for Settlement Administrator to calculate the individual share of the Net Remaining Settlement Amount due to each Class Member so entitled.

(b) The individual Class Well portion of the Net Remaining Settlement Amount for each Class Well shall be allocated and distributed among Class Members owning royalty interests in the Class Wells in proportion to their respective royalty ownership in each such Class Well, as determined pursuant to this Plan. The royalty paydeck applicable to gas production for the month of March 2012, subject to fair inquiry and correction, shall be used for distributing the individual Class Well portion of the Net Remaining Settlement Amount allocated to each Class Well and for determining the amount attributed to those royalty owners who opt out or are excluded from the class definition; provided, that with respect to any Class Well that has heretofore been plugged and abandoned, the royalty paydeck applicable to the final month of gas production, subject to fair inquiry and correction, shall be used for distributing the individual Class Well portion of the Net Remaining Settlement Amount allocable to such well, and for determining the amount attributed

to those royalty owners who opted out or are excluded from the class definition with respect to such well.

8.      The distribution described above to the Class Members is based on the following assumptions: (a) that very few sales of royalty interests occurred during the Released Period, (b) that where sales did occur, the parties intended for the buyer to receive payment for past claims, (c) that where royalty interests passed through inheritance, devise or intra family transfers, it was the intent that the heir, devisee or transferee receive payment for past claims, and (d) based on the assumptions set out in clauses (a), (b) and (c), that the current royalty owners that are Class Members in each currently producing Class Well are entitled to all settlement amounts allocable to such Class Well for the entire Released Period; provided, that with respect to a well that has previously been plugged and abandoned, the royalty owners that are Class Members in such well at the time such well was plugged are entitled to all settlement amounts allocable to such Class Well.  To the extent these assumptions are not correct in relation to particular transfers of interests or the ownership of plugged Class Wells, the Court hereby orders that each Class Member or other distributee who receives a distribution of Settlement proceeds pursuant to this Plan shall in turn make payment to the party entitled to receive such proceeds. This Plan shall be enforceable by action in the United States District Court for the Western District of Oklahoma, or in any other court of competent jurisdiction lying within or without the State of Oklahoma.   In no event shall the Class

Representatives, Class Counsel, XTO or counsel for XTO (i) have any obligation or liability of any nature whatsoever to the party ultimately determined to be entitled to receive such proceeds, or (ii) be a proper party to any action by any party claiming it did not receive proceeds it was entitled to receive. The obligations imposed by this paragraph on a person that receives a distribution to which he or she is not entitled are in addition to the indemnity obligations imposed by paragraph 19 of the Settlement Agreement.

### **Time Table For Allocation And Distribution**

9. The allocation and distribution of the Net Remaining Settlement Amount shall be under the direct supervision of the court and shall be accomplished as follows:

    (a) The parties shall use the following information in preparing the Final Distribution Schedule:

        (i) The Settlement Fund ($37,000,000) paid by XTO, plus the interest that accrues thereon while in the Settlement Fund Account;

        (ii) The amount of Class Counsel fees and expenses and any Class Representatives fee awarded or approved and determined by the court to be deductible in computing the Net Remaining Settlement Amount;

        (iii)    The allocation method set forth in Paragraph 7 above, to be further approved by the court before distribution of the Net Remaining Settlement Amount, and the assumptions set forth in Paragraph 8 above.

    (b)    The Settlement Agreement and this Plan were approved by the court at the Settlement Fairness Hearing. Therefore, once the Final Order and Judgment becomes Final and Non-Appealable, the Settlement Administrator shall prepare and furnish to the Class Counsel and counsel for XTO a proposed Final Distribution Schedule that shall list the names and addresses with corresponding owner numbers and decimal ownership interest (i.e., division of interest) for all Class Members for each Class Well. The Final Distribution Schedule shall be based on the total amount of $23,453,060.00 as ordered by the court and shall utilize the aforesaid decimal interests. The Final Distribution Schedule will reflect the amount of each Class Member's final share of distribution on a well by well basis for the Class Wells and shall also identify the Class Members for each Class Well. Class Counsel will have an opportunity to review and provide comments on the Final Distribution Schedule as so presented.

    (c)    Within a reasonable period of time after the Final Order and Judgment becomes Final and Non-Appealable, the Class Representatives and XTO shall file a joint motion under seal requesting approval of the Final Distribution Schedule.

(d) Within a reasonable period of time after the date the court approves the Final Distribution Schedule, the Settlement Administrator shall issue or cause to have issued checks for purposes of distributing the Net Remaining Settlement Amount, and mail such checks to the Class Members identified on the Final Distribution Schedule for the amounts reflected thereon (subject to such exceptions as may be set forth in the Settlement Agreement). Said checks shall include line entry detail of each such Class Member's distribution amount on a well by well basis reflecting the allocated amounts of the Net Remaining Settlement Amount.

10. Within a reasonable period of time after making distributions in accordance with the Final Distribution Schedule, the Settlement Administrator shall provide Class Counsel, XTO and the court a report, in the form of an electronic spreadsheet, reflecting the distribution by amount paid, owner number, owner name and owner address. Said report shall report on any issues to be resolved in connection with completing the distribution in accordance with the terms of the Final Distribution Schedule. The Settlement Administrator shall also file with the court an Affidavit of Mailing reflecting said distributions.

11. Within 180 days after the filing of the report described in paragraph 10 hereof, the Settlement Administrator shall file a Final Report of Distribution as provided by the Settlement Agreement and seek approval by the court. The disposal of any undistributed funds shall be subject to further order of the court.

## Class Counsel Attorney's Fees, Consultant and Expert Fees and Litigation Expenses

12. At the Fairness Hearing, the court awarded attorney's fees, costs, and Class Representative fees as follows:

(a) to the firm of Helms Underwood & Cook: $10,112,464.00, plus 77 percent of any interest earned on the Settlement Fund, as attorney's fees;

(b) to the firm of Helms Underwood & Cook: expert fees and other litigation costs in the amount of $201,130.00;

(c) to the firm of Edward L. White, P.C., together with Martin High: $3,023,796.00, plus 23 percent of any interest earned on the Settlement Fund, as attorney's fees;

(d) to the firm of Edward L. White, P.C.: expert fees and other litigation costs in the amount $97,000.00;

(e) to Martin High: litigation costs in the amount of $1,870.00;

(f) to Bill Fankhouser: $40,000.00 as Class Representative fee;

(g) to Tim Goddard: $40,000.00 as Class Representative fee;

(h) to Ladene Ramsey Beer: $10,000.00 as Class Representative fee; and

(i) to Katherine K. Sanko: $10,000.00 as Class Representative fee.

13. Within 5 business days after the Final Order and Judgment becomes Final and Non-Appealable, Class Counsel and XTO shall direct from the Settlement

Fund a wire transfer of fees, reimbursable expenses and Class Representative fees as awarded and approved by the court to a single account at the bank designated in writing by Class Counsel.  Class Counsel shall be solely responsible for remitting to the firm of Edward L. White, P.C.  and to the Class Representatives (including prior class representatives) out of the foregoing amount so transferred the amounts set forth in paragraphs 12(c)-(i), and XTO shall have no liability therefor.

14. Within 5 business days after the Final Order and Judgment becomes Final and Non-Appealable, Class Counsel and XTO shall direct a wire transfer of the Net Remaining Settlement Amount to an account at a bank or other depository designated in writing by Settlement Administrator (the "Distribution Account") from which the Settlement Administrator shall make payment distribution to the Class Members in accordance with the Final Distribution Schedule.  The Settlement Administrator shall be solely responsible for making payment to the Class Members out of the amounts so transferred to the Settlement Administrator in accordance with this paragraph and neither XTO nor Class Counsel nor the Class Representatives shall have any liability therefor.

15. Within 15 days after the last to occur of (i) the Final Order and Judgment becomes Final and Non-Appealable, or (ii) the court approves the amount of the Settlement Administrator's Fee and Expenses, XTO shall pay the amount thereof to the Settlement Administrator.

16.	This Plan is to be read with reference to the Settlement Agreement (*i.e., in pari materia*) and the provisions of the Settlement Agreement supplement the provisions of the Plan, and the provisions of the Plan supplement the Settlement Agreement. The Plan and the Settlement Agreement shall be read together as an integral part of the settlement of the Lawsuit intended by the Settlement Agreement.

It is so ordered this 12th day of October, 2012.

_Tim Leonard_
TIM LEONARD
United States District Judge