IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BILL FANKHOUSER and TIM GODDARD, )
on behalf of themselves and all others )
similarly situated, )
)
                Plaintiffs, )
)
vs. )  Case No. CIV-07-798-L
)
XTO ENERGY, INC. f/k/a CROSS )
TIMBERS OIL COMPANY, a Delaware )
Corporation ("XTO"), )
)
                Defendant. )

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE**

Pursuant to the court's Order Preliminarily Approving Class Settlement ("Preliminary Order") (Doc. No. 477), the court held a fairness hearing on October 10, 2012 to consider the settlement entered into between plaintiffs Bill Fankhouser and Tim Goddard ("Class Representatives"), individually and on behalf of the class, and XTO Energy Inc. ("XTO"). The court, having reviewed the Settlement Agreement and all related pleadings and filings and having heard evidence adduced at the fairness hearing finds, orders, and adjudges as follows:

1.    This court previously certified the below-described class in this lawsuit by order issued on December 16, 2010 (Doc. No. 261):

> Non-governmental royalty owners who received payments based on production from a well that is/was operated by XTO Energy, Inc., for which the production is/was sold to

>
> Timberland Gathering and Processing Co., Inc., and processed at the Tyrone natural gas processing plant.
>
> > *Kansas Subclass.* Royalty owners encompassed within the definition set forth above, who received royalties from at least one well located in the State of Kansas.
> >
> > *Oklahoma Subclass.* Royalty owners encompassed within the definition as set forth above, who received royalties from at least one well located in the State of Oklahoma.
>
> *Excluded Claims.* All released claims under the settlement agreement entered in *Booth v. Cross Timbers Oil Co.*, No. CJ-98-16 (Okla. Dist. Ct. Dewey County 2002).

2. The Class Representatives, Class Counsel, and XTO executed a Settlement Agreement on June 28, 2012. The Settlement Agreement was filed with the court for preliminary approval on June 28, 2012 (Doc. No. 476-1).

3. The Settlement Agreement is hereby incorporated by reference in this Final Order and Judgment and all terms defined in the Settlement Agreement will have the same meanings in this Final Order and Judgment.

4. On June 29, 2012, the court entered the Preliminary Order preliminarily approving the Settlement Agreement and scheduling a fairness hearing for October 10, 2012 at 10:00 a.m. to, among other matters, (a) determine whether the settlement of this lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should finally approved by the court; (b) determine whether a final judgment should be entered herein; (c)

determine the Motion for Class Counsel's Attorney's Fees, Expenses and For Class Representatives' Fee (Doc. No. 485) and Motion in Support of Class Counsel's Fee Request and Request for Separate Allocation of Fees to White and to Prior Class Representatives (Doc. No. 488); (d) consider the parties' Joint Motion for Appointment of a Settlement Administrator (Doc. No. 489); and (e) consider other matters related to the foregoing.

5. The court further ordered that notice of this hearing and of the proposed settlement be given in accordance with the Preliminary Order, and hereby finds that due and proper notice was so given in substantial conformity with the Preliminary Order.

6. Specifically, notice of this hearing and of the proposed settlement, as evidenced by the proofs of mailing and publication filed with the court and presented at the fairness hearing, (a) was properly mailed by Class Counsel to all Class Members (excluding persons that were excluded in response to the Initial Class Notice) based on the mailing addresses supplied by XTO to Class Counsel within 30 days from entry of the Preliminary Order, (b) was published in the newspapers as provided in the Preliminary Order, and (c) was posted on Class Counsel's website. The court finds, orders, and adjudges that the notice of this hearing and of the proposed settlement and the procedure and manner of giving notice were reasonable, adequate, proper and sufficient under Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution, and the Due Process Clause of

the State of Oklahoma, and represented the most practical means of giving notice under the circumstances. That is, the Class Members were given notice as required by law and in a manner that could be understood by the average Class Member and the notice fairly apprised them of the proposed settlement and their options. Further, each Class Member was afforded a reasonable opportunity to opt out of or to object to the settlement. The court therefore concludes it is unnecessary to afford further opportunity for the Class Members to opt out or to object.

7. No persons who are Class Members objected to the Settlement Agreement or opted out of the class.

8. The court further finds that notice of the proposed settlement was served on the appropriate State official for each State in which a Class Member resides, and the appropriate Federal official, as required by and in conformance with the requirements of 28 U.S.C. § 1715(b) ("1715(b) Notice") not later than 10 days after the proposed settlement was filed with this court, and that the notice was in proper form to comply with the requirements of 28 U.S.C. § 1715(b). In connection therewith, the court has determined that under 28 U.S.C. § 1715, the appropriate Federal official was and is the Attorney General of the United States and the appropriate State official for each State in which a Class Member resides was and is the State Attorney General for each such State. Further, in connection therewith, the court finds it was not feasible to include in the 1715(b) Notice the names of each of the Class Members who reside in each State and the estimated proportionate

share of the claims of such Class Members to the entire settlement as provided in 28 U.S.C. § 1715(b)(7)(A), and therefore, the 1715(b) Notice included a reasonable estimate of the number of Class Members residing in each State and the estimated proportionate share of the claims of such Class Members to the entire settlement as permitted by 28 U.S.C. § 1715(b)(7)(B), and the 1715(b) Notice is hereby found by the court to be in proper form.  Further, no appropriate Federal or State official has entered an appearance or filed an objection to the entry of final approval of this settlement.  Thus, the court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement Agreement and this court's orders in furtherance thereof pursuant to the provisions of 28 U.S.C. § 1715.

9.   In accordance with the Preliminary Order and the Notice of Settlement, the fairness hearing was duly conducted before this court on October 10, 2012.  All named parties were present and represented by counsel at the fairness hearing.

10.  At the fairness hearing, the court considered, among the other matters addressed in this Final Order and Judgment, (a) the fairness, reasonableness, and the adequacy of the Settlement Agreement and (b) the fairness and reasonableness of Class Counsels' motions for fees and costs under the applicable law and for a Class Representatives fee.

11.  The court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Settlement Agreement and Class Counsels'

motions by considering not only the pleadings and arguments of the Class Representatives and Class Counsel, but also by rigorously and independently evaluating the Settlement Agreement and Class Counsels' motions on behalf of the absent Class Members. In so doing, the court considered any argument that could reasonably be made against approval of same, even if such argument was not actually presented to the court by pleading or oral argument. Following this review, the court approves the Settlement Agreement.

12. The court specifically finds that the settlement between the Class Representatives and XTO embodied in the Settlement Agreement, and the amounts to be distributed according to the Plan of Allocation as ordered by the court herein, are fair, reasonable and adequate to the Class Members within the meaning of Fed. R. Civ. P. 23 and were entered into between the Class Representatives, Class Counsel, and XTO at arm's length and in good faith after significant formal mediation attempts and without collusion. The Settlement Agreement fairly reflects the complexity of the claims in this litigation (as evidenced, *inter alia*, by the various dispositive motions filed herein by the parties during the course of this litigation), the duration of the litigation and extent of discovery, and the balance between the benefits of settlement which inure to the Class Members as compared to the costs and risks associated with continued prosecution of this action. *See, e.g.*, In Re Integra Realty Resources, Inc., 354 F.3d 1246 (10th Cir. 2004) (*citing* Jones v. Nuclear Pharm. Inc., 741 F.2d 322 (10th Cir. 1984)). The court finds that the Class

Members are entitled to $13,976,729.00 for underpayment of royalties, together with statutory interest of $9,476,331.00, for a total damages award of $23,453,060.00. The court finds that the Plan of Allocation and Distribution, by which this amount will be distributed to the individual Class Members, is likewise fair, reasonable, and adequate.

13. As set forth in a separate order of the court, Class Counsels' requests for attorney's fees are granted as follows: the firm of Helms Underwood & Cook is awarded $10,112,464.00, plus 77 percent of any interest earned on the settlement fund, as attorney's fees; the firm of Helms Underwood & Cook is awarded expert fees and other litigation costs in the amount of $201,130.00; the firm of Edward L. White, P.C., together with Martin High, is awarded $3,023,796.00, plus 23 percent of any interest earned on the settlement fund, as attorney's fees; the firm of Edward L. White, P.C. is awarded expert fees and other litigation costs in the amount $97,000.00; and Martin High is awarded litigation costs in the amount of $1,870.00.

14. The court further finds that Class Counsels' requests for a fee to the Class Representatives for class representation in the total amount of $100,000.00 is fair and reasonable considering the work of and assistance provided by the Class Representatives and the settlement obtained for the benefit of the Class Members. Therefore said fee is approved and is to be divided as follows: $40,000.00 to Bill Fankhouser; $40,000.00 to Tim Goddard; $10,000.00 to Ladene Ramsey Beer; and $10,000.00 to Katherine K. Sanko.

15. The Joint Motion for the Appointment and Approval of Settlement Administrator (Doc. No. 489) is granted. The court finds that Rust Consulting, Inc. has previously acted as Settlement Administrator in class action settlements, is a bonded, qualified professional regularly engaged in the business of serving as a settlement administrator, and is qualified by reason of training and experience to act as Settlement Administrator to carry out the provisions of the Plan of Allocation and Distribution. The court, therefore, appoints Rust Consulting, Inc. as Settlement Administrator for the purpose of carrying out the duties provided in the Settlement Agreement and in the Plan of Allocation and Distribution, and acting in accordance therewith and in accordance with the further orders of this court.

16. In finally approving the Settlement Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, including, but not limited to, the fairness of the allocation among the Class Members, the court specifically notes that by agreeing to settle this action, neither XTO nor the Class Members admit any of the claims, defenses or other assertions made against them by the opposing party, and that they specifically deny any and all liability to the opposing party. The court therefore makes no rulings and expresses no opinions as to the merits of any claims or defenses, except to note that the Settlement Agreement is a fair compromise thereof and will result in substantial savings of time and resources to the court and the parties, and will further the interests of justice.

17. This action and all claims asserted in this action are hereby DISMISSED WITH PREJUDICE to the refilling of same or any portion thereof. The court retains jurisdiction to administer the settlement distribution process as contemplated in the Settlement Agreement. Notwithstanding the jurisdiction that this court retains to administer the settlement distribution process, this Order and Judgment fully disposes of all claims and parties, and this Order and Judgment therefore is a final appealable order and judgment.

18. Each Class Member is ordered and adjudged to have conclusively released the Released Claims against the Released Parties.

19. Distribution of the $23,453,060.00 in damages to the Class Members shall be based on the assumptions that (a) very few sales of royalty interests have occurred during the claim and class period, which comprises the period pertaining to gas produced from the Class Wells for the period July 1, 2002 to March 31, 2012 with respect to the Oklahoma Class Wells, and for the period from April 1, 1996 to March 31, 2012 for the Kansas Class Wells, (b) where sales did occur, it was the intent of the parties that the buyer was entitled to receive payment for past claims, and (c) where royalty interests passed through inheritance, devise or interfamily transfers, it was the intent that the heir, or devisee or transferee also receive payment for past claims. To the extent that these assumptions are not correct in relation to particular transfers of interests, the court orders that Class Members who

receive payment shall in turn make payment to the proper person entitled to such payment.

20. Any Class Member who receives a payment pursuant to this settlement and fails to make payment to the proper person pursuant to paragraph 19 above, shall indemnify XTO and XTO's counsel against any claim made against any of them by the person asserting entitlement to the payment, but only to the extent of the payment received. XTO shall have priority to recovery for the indemnity unless one of the other indemnitees has made payment to the proper party.

21. Class Members who do not receive distributions from the damages amount awarded by the court as a result of the assumptions described in paragraph 19 above shall be deemed to have released the Released Claims against all Released Parties, regardless of whether the Class Member who did not receive a distribution from the Net Settlement Amount is entitled to some or all of the distribution made to another Class Member and regardless of whether the Class Member to whom the distribution was made does or does not comply with the court's order to make payment to the proper party.

22. Each Class Member is hereby barred and permanently enjoined from prosecuting, commencing or continuing any of the Released Claims against the Released Parties, by way of claim, counterclaim, offset, or otherwise.

23.    By agreeing to settle the claims of the Class Members asserted in this litigation, XTO does not admit, and specifically denies, any and all liability to the Class Members, the Class Representative and the Class Counsel.

24.    All documents designated as confidential by any party pursuant to the Confidentiality Agreement and Protective Order in suit shall be returned to the producing party within 30 days after the date this Order and Judgment becomes Final and Non-Appealable and/or as set forth in the Settlement Agreement.

25.    This settlement between the Class Members and Class Representatives and XTO, the Settlement Agreement, the Plan for Allocation and Distribution Order, and the carrying out of said Order may not be used for any purpose in any subsequent litigation against XTO, other than to enforce the terms of the Settlement Agreement and this Order and Judgment.

Entered this 12th day of October, 2012.

*Tim Leonard*
TIM LEONARD
United States District Judge